PASCAL D. WEBB *v.* ISRAEL WILLIAMS AND ELIZABETH ANN, HIS WIFE, EDWARD WILMOT, MARTHA WILMOT, AND MARY C. WILMOT.

Where W. W. gave a mortgage on land, and the mortgage was foreclosed at law by advertisement and sale under the statute, but, before the redemption expired, he died, leaving a widow, who sold the land to P. D. W. by a warranty deed, in consideration of his paying her $25 and what was due on the mortgage; and P. D. W. redeemed the land under the mortgage sale, by paying what was due, and the heirs of W. W. afterwards brought an action of ejectment against P. D. W. to recover possession of the land; *it was held*, he had a lien on the land for the redemption money paid by him, with interest, less the use and occupation of the premises over and above improvements.

WILLIAM WILMOT, deceased, in his lifetime, being seized of two equal undivided third parts of the W. half of N. E. quarter of section 19, T. 1 S., R. 6 E., on the 8th day of February, 1831, mortgaged the same to Stephen Goodman for $200. Goodman, in July, 1832, assigned the mortgage to Mrs. Fuller as security for $127. In November of the same year, Wilmot exchanged the land with Joseph Gillett, for two equal undivided third parts of the W. half of S. E. quarter of section 7, in the same town; and, to enable him to make a good title to Gillett, it was agreed the mortgage should be transferred from the land on section 19, to the land on section 7, and Mrs. Fuller acknowledged satisfaction of the mortgage on section 19; when a new mortgage of the land on section 7 was executed by Wilmot to Goodman, who assigned it to Mrs. Fuller as security as aforesaid. Goodman afterwards parted with his entire interest in the mortgage to Mrs. Fuller, who foreclosed it by advertisement and sale under the statute, and became herself the purchaser, and received a certificate from the sheriff for a deed, at the expira-

tion of two years, unless the land was redeemed within that time.   Wilmot soon after died intestate, leaving Mary Ann Wilmot, his widow, who, a few days before the redemption expired, sold the land to Webb, and executed a warranty deed of it to him, in consideration of what was due to Mrs. Fuller on the mortgage foreclosure, which was paid by Webb, and of $25 paid to herself.   In 1842, defendants, who are the heirs at law of William Wilmot, deceased, brought an action of ejectment against Webb for the land, and recovered a verdict in their favor; when complainant filed his bill in this Court, stating the loss of the mortgage, and that it had not been recorded, and that he could not, on that account, make out his defence at law; and averring that the payment to Mrs. Fuller was a purchase of her interest under the mortgage sale, &c.; and praying defendants might release, or be decreed to repay him what he had paid Mrs. Fuller.   The answer denied most of the statements of the bill; and testimony was taken on both sides, which it is unnecessary to state.

*O. Hawkins*, for complainant.

*J. Allen*, for defendants.

THE CHANCELLOR.   I have no doubt, from the testimony, the Goodman mortgage was changed from the W. half of N. E. quarter of section 19, T. 4 S., R. 6 E., to the W. half of S. E. quarter of section 7, in the same town, when complainant and William Wilmot exchanged lots.   Goodman is undoubtedly mistaken in his evidence.   No one, I think, can read over the testimony, without coming to this conclusion.

But the money paid by complainant to Mrs. Fuller was in discharge of the mortgage, and to redeem the premises from the effect of the statutory foreclosure; and not for

CASES IN CHANCERY.

her interest as purchaser at the mortgage sale. Complainant supposed, by purchasing the lot of Mrs. Wilmot, after the death of her husband, and taking a deed from her, and redeeming under the mortgage sale, he would acquire a good title. In this he was mistaken. She had no interest to convey, save her right of dower, which alone passed by the deed. On the death of her husband, the equity of redemption descended to his heirs, the defendants, subject to her right of dower. But that complainant and Mrs. Wilmot at the time supposed the one was purchasing, and the other selling, an estate in fee simple, is evident from the conveyance itself, which is a warranty deed, and purports on its face to convey an absolute estate of inheritance.

Whether the mistake is one of law or fact is wholly immaterial, so far as the present case is concerned. For, conceding it to be a mistake of law, defendants, as heirs of Mr. Wilmot, under whom they claim, are strangers to the transaction in which the mistake occurred, and cannot, therefore, claim any benefit from it; and, as heirs of Mrs. Wilmot, this Court will not permit them to reap any advantage from the mistake, without keeping good her covenant of warranty.

By giving complainant a lien on the land, for what he paid to Mrs. Fuller, no injury is done to defendants. The money was paid to discharge a mortgage given by their father, after a statutory foreclosure of the mortgage, and before the time of redemption had expired. Had the mistake not occurred, they would have lost all interest in the land at that time; but, as it is, they still have the right of redemption. To ask more is manifestly unjust.

In *Bingham* v. *Bingham*, 1 *Ves. Sen. R.* 126, complainant having purchased an estate of defendant, which it afterwards appeared belonged to him at the time of the pur-

chase, defendant was decreed to return the purchase money, with interest from the time of filing the bill.   The cancellation of a deed, under a mistake as to the legal effect of a will subsequently executed, will be relieved against.   *Perrott* v. *Perrott*, 14 *East R.* 423.   Why not the cancellation of a mortgage, the party procuring it supposing he had a good title to the land under a deed executed at the time?   Lord Ellenborough, C. J., in delivering the opinion of the Court in *Perrott* v. *Perrott*, says: "Mrs. Territt mistook either the contents of her will, which would be a mistake in fact; or its legal operation, which would be a mistake in law; and, in either case, we think the mistake annulled the cancellation.   Onions v. Tyrer, 1 P. Wms. 345, and 2 Vern. 742, is a strong authority that a mistake in point of law may destroy the effect of a cancellation.   And, when once it is established, as it clearly is, that a mistake in point of fact may also destroy it, it seems difficult upon principle to say that a mistake in point of law, clearly evidenced by what occurs at the time of cancelling, should not have the same operation."

Defendants must be restrained from proceeding at law to recover possession of the land; and there must be a reference to a Master to ascertain what is due complainant for redemption money paid by him, with interest, less the use and occupation of the premises, over and above all permanent improvements made by complainant, and Mrs. Wilmot's right of dower during her life.